# FIFTH DISTRICT, 1896.

G. W. THROCKMORTON v. MISSOURI, KANSAS AND TEXAS RAILWAY CO.

Delivered June 2, 1896.

1. **Master and Servant—Assumed Risk—Latent Defect—Correct Charge.**
    For charge of court in an action by an employe against a railway company for injury alleged to have been received by reason of a latent defect in machinery, held to be correct and warranted by the evidence, see the opinion.

2. **Same—Measure of Damages—Dependent Family.**
    In an action against the company by a railway employe for permanent personal injuries negligently caused, it was not error for the court to charge the jury that in estimating the compensation to which plaintiff might be entitled, they should not take into consideration the fact that he had a family dependent upon his labor for support; nor was it error to caution the jury not to allow their sympathies to affect their verdict.

3. **Same—Illustration in Charge Not Argumentative.**
    The court charged that if plaintiff, after receiving the injury, failed to take reasonable care of himself, and so aggravated the injury, he could not recover for such aggravation; and illustrated by stating that if a servant received a cut on the foot because of defective machinery, and should carelessly expose himself so as to cause blood-poisoning or gangrene to set in, thus necessitating amputation, he could recover only the damages by reason of the cut, but not those resulting from the loss of the foot. Held, not subject to the objection of being argumentative and giving undue prominence to the theory of the defendant.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*E. J. Smith* and *Standifer & Eppstein*, for appellant.—1. A charge which submits to the jury a theory not raised by either the pleadings or the evidence is reversible error. Telegraph Co. v. Kendzora, 77 Texas, 257; Bingham v. McDonald, 69 Texas, 100; Markham v. Carothers, 47 Texas, 21; Lee v. Yandell, 69 Texas, 64; Railway v. Clark, 81 Texas, 48; Railway v. Thompson, 21 S. W. Rep., 138; Giddings v. Baker, 80 Texas, 308; Hampton v. Dean, 4 Texas, 460; McGreal v. Wilson, 9 Texas, 429; Towery v. Henderson, 60 Texas, 297; Railway v. Faber, 63 Texas, 345.

2. The charge of the court must not be argumentative nor upon the weight of the evidence. Hanna v. Hanna, 21 S. W. Rep., 720; Frank

v. Tatum, 26 S. W. Rep., 900; Landman v. Glover, 25 S. W. Rep., 994; Railway v. Chapman, 57 Texas, 82.

3. The charge of the court should be plain, simple and unequivocal, and never misleading. Railway v. Harriett, 80 Texas, 73; Giddings v. Baker, 80 Texas, 308; Railway v. Hardy, 61 Texas, 232; Railway v. Greenlee, 62 Texas, 349; 76 Texas, 478; 77 Texas, 355; 73 Texas, 90; 49 Texas, 602; 55 Texas, 610.

4. The charge of the court should be free from prejudice, and should neither emphasize the theories of either party nor show to the jury that in the opinion of the court the theory of either is correct. Ratto v. Bluestein, 84 Texas, 59; Allen v. Carpenter, 61 Texas, 141; Insurance Co. v. Pruitt, 65 Texas, 124; Railway v. Leak, 64 Texas, 637; 66 Texas, 609; 77 Texas, 497.

5. The court erred in the eighth paragraph of its charge in charging: "But in this connection you cannot take into consideration the fact that he may have a family depending upon him for support, for that would make no difference." There was no issue in this case upon which a charge of this character should have been submitted, and its object and effect must be to prejudice the jury against plaintiff. Corley v. Anderson, 23 S. W. Rep., 841; Clifford v. Lee, 23 S. W. Rep., 843.

*R. C. Foster* and *A. E. Wilkinson,* for appellee.—1. The charge was not argumentative, nor upon the weight of evidence. Railway v. Leak, 64 Texas, 658; Railway v. Hardin, 62 Texas, 373; Owens v. Railway, 67 Texas, 679; Railway v. Pettis, 69 Texas, 692; Railway v. Lehmberg, 75 Texas, 66; Railway v. Stewart, 57 Texas, 170; Wintz v. Morrison, 17 Texas, 387; Railway v. Smith, 52 Texas, 186; Railway v. Pearce, 75 Texas, 281; Railway v. Pierce, 25 S. W. Rep., 1052.

2. Appellants complaint of the ninth paragraph of the court's charge, on the ground that the jury were thereby required to find that all the sickness and sufferings complained of by plaintiff were caused by the accident occurring to him at the wreck before they could allow him for any of them is not well taken. Ratto v. Bluestein, 84 Texas, 59; Railway v. Wood, 69 Texas, 681; Railway v. Williams, 75 Texas, 8; Hargis v. Railway, 75 Texas, 22; Railway v. Matula, 79 Texas, 581; Railway v. Smith, 65 Texas, 170; Fordyce v. Chancey, 21 S. W. Rep., 181.

3. Appellants complaint of several detached portions of the charge, on the ground that collectively they were calculated to impress the jury with the idea that the court's opinion as to the facts was adverse to the plaintiff, is also not tenable. McBride v. Baugus, 65 Texas, 176; Railway v. Larkin, 64 Texas, 460; McFarland v. Wofford, 16 Texas, 606-610; Railway v. Leak, 64 Texas, 657; Railway v. Greenlee, 70 Texas, 562; Railway v. Davidson, 68 Texas, 373.

LIGHTFOOT, CHIEF JUSTICE. —The statement of the case by appellant is concurred in by appellee, and is adopted: This is a suit

brought by G. W. Throckmorton against the Missouri, Kansas and Texas Railway Company of Texas, for damages for personal injuries, alleged to have been sustained by plaintiff on the 23d day of December, 1892, by reason of the negligence of defendant. The petition was filed in the District Court of Grayson County, Texas, returnable to the January term, 1894, and alleged in substance, as follows:

"That the defendant was, at the time of the filing of the suit, and for five or six years before that time had been, a corporation doing business as a common carrier in the State of Texas; that on December 23, 1892, plaintiff was an employe of the defendant, as a car repairer and carpenter; that part of his duties was to assist in replacing on the track of defendant derailed and wrecked cars; that on December 23, 1892, plaintiff, acting in the scope of his employment, was assisting in replacing some derailed cars upon the track of defendant near the town of Belcher, in Montague County, Texas. That defendant used for the purpose of replacing said cars a derrick with a number of heavy ropes, chains and hooks attached thereto; that on the said date plaintiff sustained serious, permanent and incurable injuries while engaged in said employment, in the following manner, to-wit: A hook was attached by some employes of defendant to a car, said hook being also attached to a large double chain, which was attached to the derrick. All of the appliances were operated by steam, and plaintiff in the due course of his duty, and while in the exercise of all due care and prudence, passed near where this last named car with said hook attached was being raised, when said hook suddenly broke, and the detached chain and portion of the broken hook suddenly, and with great force and violence, struck plaintiff on the back and hips, knocking him some five or six feet.

Plaintiff further alleges in said petition that the said injuries were caused through the gross negligence, carelessness and lack of proper care on the part of the defendant, its servants, agents and employes in furnishing unsafe and defective appliances with which to do and perform said labor. That said hook and chain were old, worn and defective, and utterly unfit for the work, and that defendant knew of said defective condition of said appliance, or might have known of same by the exercise of ordinary care and prudence. That plaintiff did not know of said defective condition of said appliance, nor could he by the exercise of ordinary care and prudence have discovered same.

Plaintiff further alleged that by reason of the aforesaid gross carelessness and negligence of the defendant, its agents and employes, plaintiff was seriously and permanently injured, rendering him a helpless cripple for life; that all of his limbs are paralyzed and useless, causing him great physical pain and mental anguish. That at the date of plaintiff's injuries he was a healthy and robust man, 35 years of age, with a family depending upon his labors for support, and he was able to earn, and actually was earning, about $60 per month, and but for said injuries, would have continued to earn said sum as long as he lived. That by

reason of said injuries he is unable to earn anything, and will never be more than a helpless cripple and a burden on others.

Plaintiff further alleged that he incurred doctor bills in the amount of $500, and purchased medicine in the sum of $100 by reason of said injuries, and that he will have to continue to expend money for the same purposes in the future in having himself treated and cared for. Plaintiff further alleged that by reason of the premises, he was damaged in the sum of $50,000, for which amount he sued.

Defendant answered by a general demurrer and general denial.

The case was tried at a term of the District Court pending on August 28, 1895, and resulted in a judgment for defendant, from which the plaintiff has appealed.

Upon the trial of this case it was in proof, and undisputed, that the Missouri, Kansas and Texas Railway Company was at the time stated a corporation, carrying on the business of common carrier in the State of Texas, and that on December 23, 1892, plaintiff was in the employ of defendant in the capacity and with the duties stated in the petition. That on said date a wreck near the city of Belcher, in Montague County, on defendant's line of railway was being replaced upon the defendant company's tracks, and that plaintiff, while employed as stated, was struck in the back by a chain and hook which had been used in lifting some of said cars on the said track. That the hook broke in making the lift, and that the hook and chain were very muddy while being used at the time plaintiff was injured.

It was further in proof, and uncontradicted, that plaintiff continued in the employ of defendant off and on for something over a week after the injuries. That after that he was confined to his bed for a long time at considerable expense to himself for medical attention, drug bills, etc.

We conclude from the facts in evidence, that the railway company used ordinary care to furnish to appellant appliances that were reasonably safe for use in the discharge of his duties as an employe, and was not guilty of any negligence in regard thereto; and that after his injuries appellant failed to use ordinary care to guard himself against further injury, but continued at work for more than a week after the accident occurred. The appellant makes no complaint of the verdict and judgment on the ground that same were not in accordance with the evidence. The assignments presented by appellant all relate to the instructions given by the court to the jury, and as the charge presents the only controversy in the case, we will set forth those sections of the charge at which complaint is made, and present additional conclusions under them.

1. The sixth assignment of error, which is presented first in appellant's brief, complains of the second section of the third paragraph of the charge, and we here set forth the whole of the second and third paragraphs of the charge bearing upon that subject, as follows:

"2. It is the duty of the master to exercise reasonable and ordinary care to furnish to his servants tools and appliances reasonably safe for

use by the servant in discharging the duties of such servant's employment, and where the master fails to exercise such care, and by reason of such failure on the part of the master to exercise such care the servant receives an injury while using such tools and appliances which he would not have received if the master had exercised said care, the master is liable to the servant in damages for such injury. But it is not the duty of the master to furnish tools and appliances absolutely safe for use by such servant. When the master has exercised reasonable and ordinary care to furnish to the servant tools and appliances reasonably safe for use by the servant in the discharge of the duties of his employment, the master has discharged his full duty under the law, and even though the servant may receive an injury by reason of some defect in the tools and appliances so furnished him by the master, he cannot recover damages from the master on account of such injuries.

"The law makes no discrimination between persons as to the duty set forth in this paragraph. A farmer owes the same duty to his servants that a railway company does to its servants.

"3. In connection with the preceding paragraph, you are further instructed that if a tool furnished by the master to the servant has a latent defect, that is, a defect that cannot be discovered by the exercise of reasonable and ordinary care on the part of the master, and the servant, while using such tool with such latent defect, receives an injury which is caused by such latent defect, the master is not liable to the servant in damages for such injury. Again, it is the duty of the servant to exercise reasonable and ordinary care for his own safety while he is discharging the duties of his employment, and if a tool is furnished to him by the master, that has a patent defect, that is, a defect that he could at once see when he came to use such tool without making a careful inspection thereof, and he uses said tool, and while so using the same receives an injury caused by such defect, he cannot recover in damages from the master on account of such injuries, no matter how much at fault the master may have been in failing to exercise reasonable care to furnish him with tools and appliances reasonably safe for use. But the servant has the right to assume that the master has done his duty in exercising reasonable and ordinary care to furnish him with tools and appliances reasonably safe for use; and it is not the servant's duty to make a careful inspection of such tools and appliances before he uses the same. Further: If the master furnishes to the servant tools and appliances that are reasonably safe for any use that the servant may make of the same in discharging the duties of his employment that the master could reasonably foresee, the master has discharged his full duty under the law, and if, in such a case, the servant should have occasion to make some extraordinary use of such tools and appliances in the discharge of the duties of his employment, or if it should become necessary for such tools or appliances to be put to an extraordinary strain that could not be reasonably foreseen by the master, and such tools or

appliances give way and thereby cause an injury to the servant, the master would not be liable to the servant for such injury.

It is contended by appellant that the second section of the third paragraph of the charge above submits to the jury a theory not raised by the pleading or the evidence. This assignment is not well taken. If appellant was injured by the breaking of the hook, and such injury was caused without negligence on the part of the railway company, and was one of the risks naturally incident to such work, then the railway company is not liable.

Appellant himself testified, by deposition, as follows: "The defect in the hook might possibly have been found, but I do not believe it could have been, because it was right or near in the middle of the hook, and was covered by the chain, and in order to find said defect it would have been necessary to look all the apparatus over carefully, and then it might possibly not have been found. In fact, I doubt very much whether it could have been found. There was a flaw in the hook—about the center of it. I did not discover it, because I did not look, and if I had looked I don't know whether I could have found it. As I said before, the flaw might have been found, but I doubt it very much. I didn't have anything to do with the handling of the chain or apparatus that day, and it wasn't my place to examine it. I didn't examine the chain or hook, and if I had I do not think I could have detected it. Wrecking apparatus in good condition often breaks. In my own experience I have often seen wrecking apparatus break. It often happens that cars are so entangled that it is impossible to know how much resistance will be offered when a pull is attempted. In such cases it would be impossible to know whether the pull could be effected at once, and whether the pulling apparatus would meet the resistance offered. The best of such machinery in such cases often gives way—that is, machinery sufficient in ordinary circumstances to do the work required. I do not think the hook was sufficient under all ordinary circumstances."

2. Under his seventh assignment of error appellant complains of the third section of the third paragraph of the charge above: (1) because it is claimed to be argumentative; (2) upon the weight of the evidence; (3) that it assumes that if any of the tools or appliances should be put to an extraordinary strain that could not be reasonably foreseen by the master, and said tools or appliances should give way and thereby cause injury to the servant, that the extraordinary strain would necessarily be the proximate cause of the injury.

We do not think that the charge is open to the criticism made by appellant. The charge presents clearly and impartially the issues made by the testimony, and was properly given.

3. Under the twelfth assignment of error appellant complains of the ninth paragraph of the charge, and as that paragraph was expressly given in connection with the eighth paragraph, we here set out in full the eighth and ninth paragraphs, as follows:

"8. If you find for the plaintiff you will allow him by your verdict

such a sum of money as you may believe from the evidence will fairly compensate him, for the loss of time to him that you may believe from the evidence has been caused by such injury; for the expenses that you may believe from the evidence he has incurred, by reason of such injury, in the way of doctors' bills and medicines in treating such injuries; for any physical pain and mental anguish that you may believe from the evidence he has endured by reason of such injury; and also for any loss of time and for such said expenses and for such physical and mental suffering that you may believe from the evidence will, with reasonable certainty, be caused to him by such injury in the future, and you will also allow him by your verdict such a sum of money as you may believe from the evidence will fairly compensate him for any decrease in his capacity to labor and earn money that you may believe from the evidence has been caused by such injury. But in this connection you are further instructed, that, in estimating such compensation, you cannot take into consideration the fact that he may have a family dependent upon his labor for support, because this would make no difference.

"9. In connection with the preceding paragraph, you are further instructed that if you believe from the evidence that shortly after plaintiff received said injury he was confined to his bed by sickness for a long time and suffered great mental and physical anguish, and if you believe further from the evidence that by reason of such sickness he incurred expenses in the way of medical treatment and in procuring medicines, and should further believe that he was thus caused loss of time, and his capacity to labor and earn money has been decreased either permanently or temporarily, you cannot allow him compensation for all these, unless you believe from the evidence that this sickness and all of said results were caused by said injury, and the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that said sickness and said results were caused by said injury."

The ninth section of the charge is objected to on the grounds: (1) that the charge is misleading, in that it presents the idea that no compensation should be allowed plaintiff for any of the results set out, unless all such results caused the injury; (2) because it requires plaintiff to show by a preponderance of the evidence that his sickness and the results were caused by the injury, when if any of said results and said sickness were caused by said injury plaintiff should recover.

These grounds of objection might be more potent if appellant had recovered a judgment for some amount, and was complaining that the amount was not larger. But here he has recovered nothing, and the objections do not seem to be material. The charge, however, is not open to the citicisms made against it. The ninth section of the charge, in connection with the eighth, presents clearly and specifically the items of damage to which plaintiff below would be entitled, if anything.

4. Under the thirteenth and eleventh assignments of error, appellant complains of that portion of the charge in which the jury are cautioned not to allow their sympathies to affect their verdict. We cannot see,

under the facts and circumstances in evidence in this case, that the jury were in any way prejudiced or mislead by these charges, and the assignments are not well taken.

5. The ninth assignment is presented as a proposition, and is as follows: "The fifth paragragh of the charge of the court is comparative and argumentative, in this, that after charging the law to be: 'You are further instructed that even when a servant has received an injury by reason of a failure on the part of the master to exercise reasonable care to furnish him with tools and appliances reasonably safe for use, it is his duty under the law to exercise reasonable care to prevent any aggravation of such injury,' the court continues, 'therefore, if, after the servant has received such injury, he fails to exercise reasonable care for himself and by reason thereof aggravates his own injury and causes the same to be more serious in its results, he cannot recover of the master any damages on account of the aggravation of his injuries caused by his own failure to exercise reasonable care. Thus: If a servant should receive a cut in the foot by reason of failure on the part of the master to exercise reasonable care to furnish him with tools reasonauly safe, and the servant should neglect to exercise reasonable care in the treatment of his foot, or carelessly expose himself in such a way that the injury inflicted upon his foot should become aggravated, and blood-poisoning set in, or gangrene, that would necessitate amputation of his foot, such servant could recover those damages only that he would sustain by reason of the cut on his foot, and could not recover any damages from the master on account of afterwards losing his foot.' Because said paragraph singled out and gave undue prominence to the theory of the defendant."

Under the facts proved, the issue was clearly presented as to whether or not the spell of sickness which appellant had after the injury was brought on by the injury itself, or whether it was produced by his own imprudence. In such a case the charge of the court was clearly applicable to the facts proved, and was properly given. The court in such charge did not give undue prominence to the theory of the defendant; but clearly presented the law of the case.

We find no error in the judgment, and it is affirmed.

Writ of error refused. *Affirmed.*